**Sai Guan OU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and John Ashcroft, Attorney General, Respondents.**

No. 02–4239.

United States Court of Appeals, Second Circuit.

Dec. 18, 2003.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Allison D. Penn, Assistant United States Attorney (Kathy S. Marks, Meredith E. Kotler, Assistant United States Attorneys, on the brief), for James S. Comey, United States Attorney for the Southern District of New York, New York, NY, for Respondents.

Present: NEWMAN, MCLAUGHLIN, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the Board of Immigration Appeals be and hereby is **AFFIRMED.**

Petitioner Sai Guan Ou ("Ou"), a native and citizen of the People's Republic of China, petitions this Court pursuant to section 106(a) of the Immigration and Nationality Act of 1952 ("INA"), as amended by Pub. L. No. 87–301, § 5(a), 8 U.S.C. § 1105a(a) (1994) (repealed 1996; current version at 8 U.S.C. § 1252), for review of a May 31, 2002 decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the September 29, 1997, decision of the Immigration Judge ("IJ"), who found Ou not credible, denied his application for asylum and withholding of deportation, and ordered him deported from the United States.

In general, we treat an IJ's determination of credibility as a factual finding sub-

ject to the substantial evidence standard.[1] *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). A decision of the IJ will be reversed only where "no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001) (internal quotation marks omitted). Discrepancies and omissions that concern integral grounds of the asylum claim, unlike immaterial inconsistencies, afford a sufficient basis for an adverse credibility determination. *Cf. Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir. 2002).

In this case there is ample relevant evidence to support the IJ's adverse credibility determination. The IJ noted numerous inconsistencies in the petitioner's testimony. For example, the petitioner gave conflicting dates for the military maneuvers undertaken by the Chinese government; petitioner indicated that the military maneuvers were unsuccessful but he was unable to identify the purpose of the maneuvers; although petitioner claimed in his asylum application that he was questioned by government officials because of his conversation with a journalist, he did not recount this incident at his asylum hearing; petitioner testified that the port was closed during the 1995 calendar year, but also that his wife's abortion occurred in September, 1995 and that he was not at home because he was at sea (it would be unlikely for him to have been at sea if the port had been closed). Significantly, petitioner failed to mention the allegedly coerced abortion of his wife on his asylum application—or at any point in the proceedings—until ten days prior to the hearing before the IJ. In addition, the IJ noted that the petitioner's demeanor while testifying was consistent with someone who was not being truthful.

For the foregoing reasons, the BIA properly dismissed Ou's appeal, and the petition for review is hereby DENIED. The judgment of the BIA is **AFFIRMED.**

---

1. Where the BIA summarily affirms the IJ's decision and, in doing so, adopts the IJ's reasoning, we directly review the IJ's decision. *Secaida–Rosales,* 331 F.3d at 305.